**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2286

CHARLES R. ROGERS,

Plaintiff - Appellant,

versus

JO ANNE B. BARNHART, Commissioner of Social
Security,

Defendant - Appellee.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg. Frederick P. Stamp, Jr.,
District Judge. (CA-04-164)

Argued: October 24, 2006          Decided: February 2, 2007

Before WIDENER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished opinion. Judge Shedd wrote the opinion, in
which Judge Widener and Judge King joined.

**ARGUED:** Michael G. Miskowiec, Charleston, West Virginia, for
Appellant.  Anne von Scheven, SOCIAL SECURITY ADMINISTRATION,
Office of General Counsel, Philadelphia, Pennsylvania, for
Appellee.  **ON BRIEF:** Donna L. Calvert, Regional Chief Counsel,
Region III, Nora Koch, Supervisory Attorney Regional Counsel,
SOCIAL SECURITY ADMINISTRATION, Office of General Counsel,
Philadelphia, Pennsylvania; Thomas E. Johnston, United States
Attorney, Helen Campbell Altmeyer, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West
Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Charles R. Rogers filed this action challenging the decision of the Commissioner of Social Security ("the Commissioner") denying his claim for social security disability benefits.  The district court granted summary judgment in favor of the Commissioner, and Rogers now appeals.  Finding no error, we affirm.

I

The facts of this case are largely undisputed.  From 1975 to 1997, Rogers owned and operated a machine shop.  In 1997, however, the shop became unprofitable, and Rogers closed the shop. Subsequently, Rogers found employment as a millwright, a position he held until 2001.  During his work as a millwright, Rogers developed a series of medical conditions. As relevant here, Rogers suffered from frequent urination, a condition which was later diagnosed as interstitial cystitis.  Due to the limitations caused by his interstitial cystitis, Rogers was fired from his job as a millwright in 2001.

On April 3, 2003, Rogers applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, alleging disability as of October 12, 2002, due to interstitial cystitis.  After his claim was administratively denied, Rogers sought review by an administrative law judge ("ALJ").  On March 4, 2004, the ALJ heard evidence regarding

3

Rogers' claim.  At this hearing, Rogers presented abundant medical testimony, including diagnoses from Drs. Joseph Kassis, Cynthia Osborne, and Fulvio Franyutti, documenting his condition and his need to go to the bathroom approximately every 30 minutes.  The medical evidence also indicated that, despite his limitations, Rogers was capable of performing medium work.  Rogers' testimony shows that he continued to pursue such activities as hunting, fishing, and gardening, although these were affected by his need to go to the bathroom frequently.

Vocational expert Timothy E. Mahler also testified at the hearing.  Mahler stated that Rogers' past work as a self-employed machinist was medium, skilled work, while the administrative aspects of the work were sedentary in nature.  When questioned as to whether Rogers could perform his past relevant work as a machinist, Mahler testified that Rogers could not if he were in the employ of another.  Mahler based this conclusion on the fact that no employer would hire a machinist who would need to leave his post to go to the bathroom every half hour.  Importantly, however, Mahler testified that an individual with Rogers' residual functional capacity ("RFC") could perform as a self-employed machine shop operator because "he could accommodate his routine." J.A. 19.

Based on the medical evidence indicating that Rogers had an RFC for performing medium work and on Mahler's testimony, the ALJ

concluded that Rogers could perform his past relevant work as a self-employed machine shop operator. Accordingly, the ALJ found Rogers not disabled and denied benefits. After exhausting his administrative appeals, Rogers filed this action in the district court. The magistrate judge recommended that the Commissioner's decision be reversed. In so recommending, the magistrate judge relied largely on our decision in Cornett v. Califano, 590 F.2d 91 (4th Cir. 1978), in which we held that the Commissioner could not find that a social security claimant was capable of performing work in the national economy simply because he could start his own business. The district court subsequently declined to adopt the magistrate judge's recommendation and found that the Commissioner properly denied benefits. This appeal followed.


II

We review de novo the district court's decision to grant summary judgment, applying the same standards which the district court employed. Nat'l City Bank of Indiana v. Turnbaugh, 463 F.3d 325, 329 (4th Cir. 2006). Thus, we review the Commissioner's decision to deny benefits under the highly deferential substantial evidence standard. 42 U.S.C. § 405(g). Pursuant to this standard, we must accept the factual findings of the Commissioner if they are supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to

5

support a conclusion." <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir. 2005). Therefore, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," we must defer to the decision of the Commissioner. <u>Id.</u>

III

The Commissioner uses a five-step process to evaluate a claim for disability insurance benefits. Pursuant to this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform any other work in the national economy. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987). Further, if a decision regarding disability can be made at any step of the process, the inquiry ceases. 20 C.F.R. § 404.1520(a)(4).

In the instant case, the ALJ found that Rogers met his burden of proof at steps one through three. However, the ALJ concluded that Rogers failed to prove that he could not return to his past relevant work at step four of the process because he is capable of

performing as a self-employed machine shop operator.[1]  Rogers contends that this finding is not supported by substantial evidence.  Specifically, Rogers asserts that he is unable to perform _his_ past relevant work because the vocational expert testified that he could perform as a self-employed machinist only if he accommodates his routine.  Rogers also asserts that our decision in <u>Cornett</u> precludes a finding that the ability to perform past work in a self-employed status satisfies step four of the evaluation process.  We find Rogers' arguments unpersuasive.

The Commissioner's finding that Rogers is capable of performing as a self-employed machine shop operator is clearly supported by substantial evidence.  The uncontradicted testimony of Drs. Osborne and Franyutti confirms that Rogers is capable of performing medium work despite his diagnosis of interstitial cystitis.  Further, Mahler testified that an individual with an RFC for medium work, but who needed to go to the bathroom every 30 minutes, is capable of performing as a self-employed machine shop operator.  In contrast, Rogers presented no evidence to meet his burden of showing that he cannot perform his past relevant work as a self-employed machine operator.

---

[1]The Commissioner's regulations provide that past relevant work includes "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it."  20 C.F.R. § 404.1560(b)(1).  Rogers does not dispute that his work as a self-employed machinist constitutes past relevant work.

Rogers does not contest the accuracy of Mahler's testimony regarding his RFC and his past relevant work.[2] Rather, he contends that the expert's use of the term "accommodate" changes the nature of his findings. This is simply not the case. While "accommodate" may have been a poor choice of words given its use as a term of art in the law governing disability benefits, it is clear that Mahler was simply expressing his view that self-employment offers more flexibility than working for another. Because of this flexibility, Rogers could leave his post at a machine or at a desk to go to the bathroom. Thus, Rogers can perform in a self-employment setting but he cannot perform while working for another. The appropriate inquiry at step four of the evaluation process is whether the claimant's past relevant work would, as he performed it, permit him to perform it with his current impairment. Substantial evidence supports the ALJ's conclusion that Rogers could perform his past relevant work as a self-employed machine shop operator. Therefore, Rogers failed to meet his burden of proving he is disabled.

Rogers next contends that the Commissioner's decision contradicts our holding in Cornett v. Califano, 590 F.2d 91 (4th Cir. 1978). There, we found that, at step five of the evaluation process, the Commissioner may not meet her burden of proving that

_____

[2]While Rogers initially argued that the ALJ erred in determining that his past work as a self-employed machine shop operator was performed at a medium exertional level, in his reply brief he conceded that he has waived this argument.

a claimant is capable of performing work in the national economy by showing that a claimant has the skills to start his own business. Id. at 94.

For two reasons, we believe Cornett is inapposite here. First, the Commissioner did not find that Rogers is not disabled because he can create a type of work which he was capable of performing. Instead, the Commissioner found that Rogers is capable of performing his past relevant work as a self-employed machine shop operator as he performed it due to the inherent flexibility of self-employment. Therefore, the Commissioner did not purport to impose the same burden on Rogers which was placed on the claimant in Cornett.

Second, Cornett's applicability here is limited because it concerned a finding that a claimant was not disabled at step five of the evaluation process rather than at step four. The Supreme Court's decision in Barnhart v. Thomas, 540 U.S. 20 (2003), illustrates the importance of this distinction. In Thomas, the Court upheld the Commissioner's finding that a claimant was not disabled because she could perform her past relevant work, even though the work no longer existed. The Court reached this conclusion based on its acceptance of the Commissioner's determination that a finding that a claimant is able to perform past relevant work serves as an "effective and efficient administrative proxy for the claimant's ability to do some work

9

that does exist in the national economy." Id. at 28 (emphasis in original). In other words, even if the past relevant work which a claimant is capable of performing does not exist, "in the vast majority of cases" a claimant likely will be able to find other similar work which does exist. Id.

Therefore, at step four of the evaluation process any consideration of whether the claimant's past relevant work is still in existence is irrelevant. All that is necessary is an inquiry into whether a claimant is capable of performing his past relevant work. Because substantial evidence supports the Commissioner's finding that Rogers is capable of performing his past relevant work as a self-employed machine shop operator, we must affirm the Commissioner's denial of benefits. As the Supreme Court has noted, the Commissioner's use of step four as an administrative proxy for step five may result in "imperfect applications in particular circumstances." Id. at 29. Nevertheless, the Court accepted these imperfect applications, and we are bound to do the same here.

IV

Based on the foregoing, we conclude that substantial evidence supports the Commissioner's finding that Rogers is not disabled. Accordingly, the judgment of the district court is

AFFIRMED.